## CHAPMAN v. ARNOLD.

Where a proceeding in chancery appears to have been brought to the supreme court by writ of error, under territorial laws, the case will be decided upon such errors only as are assigned, and appear of record.

The evidence in such a case is no part of the record, unless embraced in a bill of exceptions.

Unless the contrary affirmatively appears, it will be presumed that a decree in the court below was justified by the evidence.

IN EQUITY.    *Error, to Des Moines District Court.*

*Grimes* and *Starr*, for the plaintiff in error.

*D. Rorer* and *J. C. Hall*, for the defendant.

*Opinion by* HASTINGS, C. J.    This case is one of those remaining undisposed of in the late territorial supreme court;

Chapman *v*. Arnold.

and a question is raised whether it was brought into that court by appeal or writ of error. We find the first paper in the record is a writ of error, issued from the territorial supreme court to the clerk of the Des Moines district court, commanding him to return the record to said supreme court, for errors alleged in said record. The clerk of the Des Moines county district court appended a full transcript of the record to said writ of error, and appends to the transcript the usual certificate of a return to the writ.

It cannot be doubted that the case as it now stands is in this court on error, and not by appeal. Under the territorial jurisdiction, a party could on decrees in chancery sue out a writ of error, or prosecute an appeal; and although the party seems, in the rendering of the decree in the court below, to have given notice of appeal, still we have no other evidence of his intention to appeal,—no evidence of the usual notices served, or precept filed with the clerk to send up a transcript.

Nor do we find this case in this court bearing any evidences of appeal, except the fact above mentioned as to notice given at the hearing below. This record, then, being a return to a writ of error so certified and attached to such writ, and errors being assigned on the same, we are not permitted to doubt that the plaintiff in error elected, of his two remedies, the proceeding by writ of error.

It may be well to suggest, that since the adoption of our state constitution, no chancery case can be removed to this court by writ of error, but by appeal only.

Limited, then, to the inspection of the record, we will proceed to examine the same as to the several errors assigned. It will be readily seen that the depositions are no part of the record, there being no bill of exceptions embodying the evidence in the record. We are bound, then, under the decision so often reiterated in this court, that no errors are to be presumed in a record, to infer that the court below had sufficient evidence to authorize the rendition of the decree. It must also be presumed that the court did not err in not dissolving the injunc-

24

tion wholly, as averred in the third assignment of errors. For aught that appears in the record, the motion to dissolve was resisted upon evidence then submitted. If the complain· ant proved the averments in his bill by the requisite number of witnesses, or by other sufficient testimony, he was entitled to the decree.

If he did not support the bill against the answer by sufficient evidence, the defendant below could have made it manifest by a bill of exceptions. The decree of the court below is there-fore affirmed.